O’Neall, J.,
delivered the opinion of the Court.
In this case we are of opinion, that the Chancellor’s decree *426 should bé affirmed. It is unnecessary, however, that an opinio» should be given upon all the points which he has considered.
Thfeite is certainly a wide distinction between mortgages of real and personal property. In the former, the legal estate remains in the mortgagor ; in the latter it is in the mortgagee. This distinction is, obviously, the basis of the decisions, in Thayer v. Cramer, 1 M’C. Ch. 395, and Nixon v. Bynum, 1 Bailey, 148. In the last of these cases, it is said, that recording is notice ; and that the purchaser cannot avail himself of the statute of limitations. This I am not disposed to question in relation to land. But I should be unwilling to say, that the mortgagor, or a purchaser from him,, with constructive notice, became, a trustee. The legal estate being in the morgagor, the mortgage is a lien, not inconsistent with' the legal estate, or possession of the mortgagor, or the purchaser from him ; and hence there can be no adverse possession, so as to create a possessory title. On á bill to foreclose, the purchaser could not be protected by the plea of purchase for valuable consideration without notice, if the mortgage were recorded ; for recording, when required by, and done according to, the provisions of the law, stands in the place of notice. It is constructive nptice to all the world °r but the effect of it is nothing more, than to deprive the party of the defence of being a purchaser for valuable consideration, without notice, and thus prevent the complainant’s equity from being defeated.
In the case of a mortgage of personal chattels, the legal estate is in the mortgagee, if not from the execution of the mortgage, at least from the time of the condition broken. The legal estate being in the mortgagee, the mortgagor has no legal estate which he can cónvey. If he sells, the purchaser acquires a title hostile to that of the mortgagee, and his possession is inconsistent With the rights of the mortgagee. The mortgagee has no equitable rights : his is a plain legal estate ; and his remedy is equally plain and legal, by seizure and sale of the property, or by an action of trover, or detinue. Against each of these remedies, the statute will run, whether the purchaser had notice, or not; and the question is, whether the circumstance, that the case is to be decided in the Court of Equity, can alter the law applicable to it. I apprehend that it cannot. Two inquiries would seem to be sufficient at all times to solve the question, whether the statute of limitations is a bar : first, is the case founded on a legal right, or a mere equity 1 Second, if on a legal right, when did the cause of action accrue 1 Answers to these questions will always enable us at onee to say, whether the *427 statute is, or is not, a good defence. If the case is founded on a legal right, such an one as can generally be enforced at law, although the party is compelled by some circumstance to come into equity for relief, then the rule is the same in equity, as at law, and the statute will run from the accrual of the cause of action. But if the case is founded on an equity merely, the statute has no application to it; and it is only in analogy to it, that lapse of time is allowed as a bar. These distinctions are, I think, just and subStantial; and I am not disposed to adopt others, which would convert all legal causes of action into trusts, and thus judicially repeal the statute.
In the case before us, the defendant had a legal estate in the slave ; and her cause of action, at all events, accrued to her on the failure of Lynah to pay the first instalment. .This point was decided in the Court of Appeals, at Columbia, in May, 1830, in the case of Johnson v. Vernon. The first instalment became due before the complainant’s intestate purchased, and he and his administrator were in possession more than four years before the seizure and sale of the slave under the mortgage, This was a legal bar to the remedy.
It is, perhaps, necessary to remark, that, in cases of personal property, where the law requires mortgages, or other transfers of it to be recorded, a compliance with the law is constructive notice, for all the purposes which have been already stated, and noticed, in cases of real property. This I regard as settled by the very able opinion of Mr. Justice Nott, in the case of Swann v. Ligan and Rudd, decided in the Court of Appeals, at Columbia, in the Spring Session of 1828.
The decree of the Chancellor is affirmed.
Johnson, J., concurred.

Decree affirmed.